UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RE/MAX, LLC,

        Plaintiff,

Case No. _____

v.

QUICKEN LOANS INC.,

        Defendant.

_____

Thomas W. Cranmer (P25252)
Gerald J. Gleeson (P53568)
Miller, Canfield, Paddock and Stone, PLC
840 West Long Lake Road, Suite 150
Troy, MI  48098
Telephone:  (248) 267-3296
gleeson@millercanfield.com
*Attorneys for Plaintiff*
_____

# **PLAINTIFF'S MOTION TO COMPEL RESPONSE TO SUBPOENA BY IN-HOUSE REALTY LLC**

Now Comes Plaintiff by and through its attorneys, Miller, Canfield, Paddock and Stone and moves the Court for an order compelling In-House Realty LLC to produce documents requested in the Subpoena to Produce Documents, Information, or Objects dated March 31, 2017, attached hereto as <u>Exhibit 1</u>. Plaintiff files this motion in this Court because the Eastern District of Michigan is district where compliance is required, as set forth in Federal Rule of Civil Procedure 45(d)(2)(B)(i).  The basis for the motion is more fully set forth in the accompanying brief.  Counsel for Plaintiff made efforts to seek concurrence from counsel for In-House Realty LLC and concurrence was unable to be acquired.

                Respectfully submitted,

                MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/ Gerald J. Gleeson, II
       Gerald J. Gleeson, II (P53568)
       Thomas W. Cranmer (P25252)
       840 West Long Lake Road, Suite 150
       Troy, Michigan 48098
       Telephone: (248) 267-3296
       gleeson@millercanfield.com
       *Attorneys for Plaintiff*

Dated:  May 1, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RE/MAX, LLC,

       Plaintiff,

Case No. _____

v.

QUICKEN LOANS INC.,

       Defendant.

_____

Thomas W. Cranmer (P25252)
Gerald J. Gleeson (P53568)
Miller, Canfield, Paddock and Stone, PLC
840 West Long Lake Road, Suite 150
Troy, MI  48098
Telephone:  (248) 267-3296
gleeson@millercanfield.com
*Attorneys for Plaintiff*

_____

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL RESPONSE TO SUBPOENA**
**BY IN-HOUSE REALTY LLC**

## ISSUE PRESENTED

Should the Court to compel In-House Realty LLC to produce documents in response to the Subpoena issued by Plaintiff?

Plaintiff answers: Yes.

- 1 -

# INTRODUCTION

Quicken Loans Inc. breached a non-disclosure agreement with RE/MAX, LLC by improperly sharing RE/MAX's confidential information with In-House Realty LLC ("IHR"). RE/MAX has sued Quicken Loans in the District of Colorado to recover damages for this and other breaches of contract Quicken Loans committed during a business relationship between RE/MAX and Quicken Loans. To investigate its claims, RE/MAX issued a subpoena to produce documents to IHR, requesting that IHR produce certain RE/MAX confidential information in IHR's possession. Despite the plain relevance of the requested documents, IHR objects to production of any documents, and has produced nothing.

RE/MAX also seeks documents relating to Quicken Loans' contentions that its contracts with RE/MAX violate the Real Estate Settlement Procedures Act ("RESPA"). Quicken Loans' relationship with IHR undermines the credibility of Quicken Loans' contentions about its contracts with RE/MAX. This is because, based on the limited information available publicly, the relationship between Quicken Loans and IHR poses more RESPA related-regulatory risk than did the relationship between RE/MAX and Quicken Loans. IHR objects to production of

such documents as well, and RE/MAX moves the Court for an order compelling production under Fed. R. Civ. P. 45.

## BACKGROUND

RE/MAX, a franchisor of real estate brokerage offices, initiated this action in the United States District Court for the District of Colorado because Quicken Loans breached (1) a marketing agreement by failing to pay the amounts due under the agreement and (2) a non-disclosure agreement by improperly disclosing RE/MAX confidential information to IHR.  (Am. Compl., ¶ 24, attached as Exhibit 2.)  IHR is an affiliate of Quicken Loans—the two companies are owned by the same parent company.  Quicken Loans is a mortgage lender, and its affiliate IHR is a real estate broker that refers potential clients to other brokers across the nation.

Quicken Loans also filed a lawsuit related to its relationship with RE/MAX. Quicken Loans first filed that case in this District, but because that filing violated a forum selection clause in the parties' agreement, the court transferred the case to the District of Colorado.  That action is still pending, and there, Quicken Loans has asserted that it is excused from paying the amounts due under the agreement with RE/MAX because the agreement violates RESPA.  (Compl., ¶ 27, attached as Exhibit 3.)  Quicken Loans has indicated that it will raise the same arguments

about RESPA as defenses in the lawsuit filed by RE/MAX. (Scheduling Order 4-7, attached as Exhibit 4.)

To investigate its claims and Quicken Loans' defenses, RE/MAX issued a Subpoena to Produce Documents, Information, or Objects on March 31, 2017 to IHR. (Ex. 1.) That same day, before serving the subpoena on IHR, and as required by Fed. R. Civ. P. 45, RE/MAX served a notice and a copy of the subpoena on Quicken Loans' counsel. (Notice of Subpoena to In-House Realty LLC, attached as Exhibit 5.) Then, on April 3, 2017, RE/MAX served the subpoena on IHR. (Affidavit of Service, attached as Exhibit 6.)

In requests 2, 3, and 5, RE/MAX seeks documents evidencing or relating to RE/MAX confidential information possessed by IHR:[1]

> 2. All documents relating to any information in Your possession, custody, or control referring or relating to RE/MAX and/or RE/MAX Agents (including all RE/MAX affiliated entities and individuals) that was provided to You directly or indirectly by Quicken Loans.
>
> 3. All documents provided to You directly or indirectly by Quicken Loans that were provided to Quicken Loans by RE/MAX.

---

[1] To narrow the issues before the Court, RE/MAX voluntarily withdraws request 4, which requests communications between IHR and Quicken Loans that relate to RE/MAX.

- 3 -

> 5. All documents provided directly or indirectly to You that contain or reflect the names of RE/MAX Agents.

(Ex. 1, at 4-5.)

RESPA regulates the conduct of real estate services providers by, among other things, prohibiting the referral of certain real estate services business in exchange for a fee, kickback, or other thing of value. In requests 1, 6, 7, and 8, RE/MAX seeks documents relevant to such RESPA issues concerning the relationship between IHR and Quicken Loans. These requests are calculated to yield information tending to disprove Quicken Loans' contentions that its agreement with RE/MAX violates RESPA:

> 1. All documents relating to Communications YOU have had with the CFPB[2] or any other state or federal government agency related to the application of RESPA to any <u>aspect</u> of YOUR ~~activities~~ <u>relationship with Quicken Loans</u>.[3]
>
> 6. All documents evidencing or relating to any benefit (including but not limited to any money, goods, services, data, or other thing(s) of value) You provided directly or indirectly to Quicken Loans.

---

[2] The Consumer Financial Protection Bureau, a federal agency that implements federal consumer financial law, including by enforcing RESPA.

[3] The alterations shown by underline and strikethrough reflect alterations RE/MAX offered to Quicken Loans in conferring on these issues on April 17, 2017. Quicken Loans did not accept the revised request, but RE/MAX nonetheless hereby voluntarily limits request 1 as modified here.

>   7. All documents relating to any activity by Quicken Loans that provides a benefit to You, including but not limited to any money, goods, services, data, or other thing(s) of value Quicken Loans provides to You.
>
>   8. All documents relating to the requirement that Your real estate brokerage partners support and preserve the business relationship between You and Quicken Loans (as referenced in the Network Guidelines document available at: https://clientcentral.inhouserealty.com/Membership).

(Ex. 1, at 4-5.)

The subpoena required production 14 days after service, on April 17, 2017. On that day, IHR served on counsel for RE/MAX objections to every single request for production, and produced no documents. (Letter dated April 14, 2017, attached as Exhibit 7.) Despite the request by RE/MAX's counsel when the subpoena was served that IHR contact him to discuss the subpoena and the production of documents (*see* Ex. 1), neither IHR nor Quicken Loans contacted counsel for RE/MAX before IHR served its objection letter.

Quicken Loans (not IHR) filed a motion to quash the subpoena in the closed action it had initiated in this Court (No. 2:16-cv-13233-DML-RSW). Because IHR is not a party to that action, and the subpoena was not issued in that action, RE/MAX will file a response asking the Court to deny that motion. Meanwhile,

- 5 -

because IHR still has not responded to RE/MAX's subpoena, RE/MAX asks this Court to compel IHR to produce documents pursuant to the subpoena.

## ARGUMENT

When served with a valid subpoena, a third party is required to produce nonprivileged documents, objects, or information in its possession that are relevant to the claims or defenses of any party. Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.") *Masters v. Gilmore*, No. 08-CV-02278LTBKLM, 2009 WL 4016003, at *2 (D. Colo. Nov. 17, 2009). The rules authorize extremely broad discovery by subpoena. *E.g.*, *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-14777, 2013 WL 4029051, at *2 (E.D. Mich. Aug. 7, 2013).

A party seeking to quash or modify a subpoena it received has the burden to establish that the subpoena imposes an undue burden. Fed. R. Civ. P. 45(d)(3)(a)(iv); *Masters*, 2009 WL 4016003, at *2; *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 224 (E.D. Mich. 2016). To establish undue burden, the objecting party must show that the burden of producing the material outweighs the likely relevance of the requested material

to the investigation of the case. *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

The documents requested in the subpoena are relevant to the claims and defenses in this matter, and IHR cannot show that the requests are unduly burdensome.

**I.      The Court should compel IHR to produce documents in response to the requests concerning RE/MAX confidential information IHR possesses.**

RE/MAX alleges that Quicken Loans wrongfully gave RE/MAX's confidential information to IHR—specifically, information on RE/MAX's top real estate agents, among other information.[4]  (Ex. 2, ¶ 24.)  Discovering what RE/MAX confidential information is possessed by IHR is important to establish that claim.  To that end, RE/MAX subpoenaed IHR to obtain documents relating to RE/MAX given to IHR by Quicken Loans (request 2), documents provided by RE/MAX to Quicken Loans and then sent from Quicken Loans to IHR (request 3), and documents provided to IHR that contain RE/MAX agent names (request 5). These documents are plainly relevant to RE/MAX's investigation of its claims for breach of the non-disclosure agreement. (Ex. 2, ¶ 24.)  In fact, such documents

---

[4]     IHR says it "works with thousands of real estate Brokers and Agents to create a nationwide network" to which it refers client business.  (Ex. 8, at 2.)  To support such a network of referrals, it solicits qualified brokers to be a part of its network. (*See generally* Ex. 8.)

- 7 -

would constitute primary evidence of the breach. They are so important that any burden to IHR in obtaining them would have to be extraordinary to outweigh their relevance. Moreover, IHR has failed to articulate any facts to support the claim that it will be burdensome to collect such information; it also has failed to demonstrate with any specificity why or how responding to the requests will be burdensome. *See, e.g.*, *Warren Chiropractic*, 315 F.R.D. 220, 224 (E.D. Mich. 2016) (party must make a specific showing of undue burden). The Court therefore should hold that IHR must produce documents responsive to requests 2, 3, and 5.

IHR complains that such documents "are more appropriately requested from Quicken Loans and/or already are in the possession of RE/MAX." (Ex. 6, at 2.) Not so. Discovering that Quicken Loans has these documents would not, on its own, reveal whether Quicken Loans had shared them with IHR. Quicken Loans received RE/MAX's confidential information under the non-disclosure agreement for the purposes described in the agreement. RE/MAX seeks to discover what confidential information IHR has, and how it obtained that information, to prove its claim that Quicken Loans breached the non-disclosure agreement.

IHR's other objections are boilerplate objections lacking detail sufficient to avoid production. It complains that the requests are "overbroad"—but request 5 is tailored to find specific information (RE/MAX agent names) and requests 2 and 3

- 8 -

are limited to RE/MAX information *given to IHR by Quicken Loans*.  IHR asserts the requests are "duplicative"—if that means they overlap with each other to some degree, such overlap causes no extra burden in obtaining and producing documents.  Finally, IHR objects to production of documents "from January 2013" to February 2014.  RE/MAX agrees to limit requests 2, 3, and 5 to information after February 2014, but not the other requests.  IHR's objections to requests 2, 3, and 5 are meritless and the Court should enter an order compelling documents responsive to those requests.

## II.     The Court should compel IHR to produce documents in response to the requests relating to RESPA issues.

Quicken Loans asserts that it is excused from paying amounts due under its marketing agreement with RE/MAX because the agreement violates RESPA. (Ex. 3, ¶ 28.)  But, so far as publicly available information reveals, Quicken Loans' relationship with IHR poses RESPA-related risks that are comparable to or more serious than any risk posed by Quicken Loans' agreement with RE/MAX.  How IHR, Quicken Loans, or the CFPB—which oversees compliance with RESPA—regards the IHR-Quicken Loans relationship with respect to RESPA would be relevant to understanding Quicken Loans' defense.  For example, if IHR and Quicken Loans have assessed their relationship as presenting RESPA risks, their acceptance of that risk would undermine Quicken Loans' assertion that RESPA

- 9 -

risk precluded it from fulfilling its agreement with RE/MAX.  Conversely, if IHR, Quicken Loans, or the CFPB has determined that the IHR-Quicken relationship is permissible, that fact would imply that the Quicken-RE/MAX agreement was as well.

For similar reasons, RE/MAX seeks to discover what benefits or other things of value are exchanged between IHR and Quicken Loans, and whether such benefits relate to a prohibited referral of certain services under RESPA.  This investigation will allow RE/MAX to better understand how the risks inherent in the IHR-Quicken Loans relationship compare to the risks Quicken Loans claimed arose from its agreement with RE/MAX.

Request 1 (as modified herein) asks for communications between IHR and CFPB about RESPA relating to the IHR-Quicken Loans relationship.  The request is highly relevant and narrowly limited; and IHR has not articulated any reason why it would be unduly burdensome to obtain such communications.  Requests 6, 7, and 8 all concern benefits or other things of value exchanged between IHR and Quicken Loans—information relevant to the referral prohibitions of RESPA.  These requests are limited to a specific type of information about the relationship between IHR and Quicken Loans, and thus are not overbroad or unduly

burdensome.  Moreover, any burden to IHR is outweighed by the relevance of this material to the investigation of the case.

IHR's complaints that some terms are vague or ambiguous do not justify a wholesale refusal to produce any document.  For example, IHR claims the terms "support and preserve the business relationship" between IHR and Quicken Loans are vague and ambiguous.  (Ex. 6, at 3.)  But those terms come nearly verbatim from the document on IHR's *own website* that was specifically referenced in request 8 of the subpoena.  (*See* In-House Realty Network Guidelines 2, *available at* https://clientcentral.inhouserealty.com/Membership, attached as Exhibit 8 ("IHR works closely with Quicken Loans to provide their clients with professional real estate services throughout the United States. As such, the Broker agrees that their agents will support and preserve these business relationships and to refrain from steering a client referral to a competing lending company.").)  IHR asks brokers to "support and preserve" the relationship, and presumably it has some understanding of those terms that allows it to assess whether brokers comply with the requirement.  If nothing else, IHR could use that understanding to guide its

response to the subpoena. The Court should therefore reject IHR's objections to requests 1, 6, 7, and 8, and order production of responsive documents.[5]

## CONCLUSION

For the reasons set forth above, RE/MAX, LLC respectfully requests an order compelling production of documents responsive to requests 1 (as modified herein), 2, 3, 5, 6, 7, and 8 of the subpoena.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/ Gerald J. Gleeson, II
      Gerald J. Gleeson, II (P53568)
      Thomas W. Cranmer (P25252)
      840 West Long Lake Road, Suite 150
      Troy, Michigan 48098
      Telephone: (248) 267-3296
      gleeson@millercanfield.com
      *Attorneys for Plaintiff*

Dated: May 1, 2017

---

[5] IHR also contends it should not be required to produce documents from January 2013 to February 2014 concerning the RESPA issues, but such documents are relevant to Quicken Loans' assertions regarding RESPA in this case.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2017, I electronically filed the foregoing **Plaintiff's Motion to Compel Response to Subpoena by In-House Realty LLC** with the Clerk of Court using the CM/ECF system and hereby certify that I have served the following:

- **Jeffrey B. Morganroth**
  jmorganroth@morganrothlaw.com,dantovski@morganrothlaw.com,blaurens@morganrothlaw.com,shall@morganrothlaw.com

and hereby certify that I have sent by overnight service via Federal Express the paper to the following non-ECF participants:

Registered Agent for In-House Realty LLC
c/o The Corporation Company
7700 E. Arapahoe Road, Ste. 220
Centennial, CO  80112

*s/ Gerald J. Gleeson II*
Gerald J. Gleeson, II (P53568)
840 W. Long Lake Road, Suite 150
Troy, MI  48098
Telephone:  (248) 267-3296
gleeson@millercanfield.com