# EXHIBIT 1

# United States District Court
## DISTRICT OF COLORADO

| | |
|---|---|
| RE/MAX, LLC, | SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS |
| Plaintiff, | OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION |
| v. | |
| QUICKEN LOANS INC., | |
| | Civil Action No. 1:16-cv-02357-PAB-MJW |
| Defendant. | |

**TO:   In-House Realty LLC**

**_XX_**   *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See "Attachment A" hereto**

| PLACE | DATE AND TIME |
|---|---|
| 701 Griswold St. Detroit, MI 48226 | April 17, 2017 at 10:00 a.m. |

_____   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PREMISES | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached –Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e), relating to your duty to respond to this subpoena.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff RE/MAX, LLC | March 31, 2017 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John M. Bowlin, Esq., DAVIS GRAHAM & STUBBS LLP, 1550 Seventeenth Street, Suite 500, Denver, Colorado 80202  (303) 892-9400,  ben.strawn@dgslaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

DECLARATION OF SERVER     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (d), (e) (Effective 12/1/13)

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may,

instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

### DEFINITIONS

1.      The term "RE/MAX" shall refer to RE/MAX, LLC, and any of its affiliates, parents, subsidiaries, and parties acting on its behalf, the last including, but not limited to, David Garland.

2.      The term "RE/MAX Agents" shall refer to individuals who provide real estate marketing services and are affiliated with any RE/MAX franchisees, or any other individual or brokerage who markets real estate using the RE/MAX brand name.

3.      The terms "You," "Your," or "In-House Realty," shall refer to In-House Realty LLC and any of its past and present members, officers, employees, agents, representatives, affiliates, and attorneys, all to the fullest extent the context permits.

4.      The terms "Quicken Loans," or "Defendant" shall refer to Quicken Loans Inc. and any of its past and present members, officers, employees, agents, representatives, affiliates, and attorneys, all to the fullest extent the context permits

5.      "RESPA" means the Real Estate Settlement Practices Act.

6.      "CFPB" refers to the Consumer Financial Protection Bureau, and any employees, agents or representatives of that Bureau.

7.      The term "document" is intended to be as broad as it is used in Federal Rule of Civil Procedure 34 and includes, without limitation, the original and any and all non-identical copies of the following: all drafts, whether written, printed, produced by hand, or reproduced by any process; notes; correspondence; letters and communications of any nature; emails; telegrams; memoranda; notebooks of any character; calendars; records, notes, or summaries of

telephone conversations or personal conversations; electro-magnetic tape records; video recordings and transcripts of records of any nature; computer printouts or storage media, including disks and tapes of any kind; diaries or daily summaries; routing slips or memoranda; publications; invoices; minutes, records, and/or summaries of interviews; opinions and/or reports of consultants; studies; charts; photographs; drawings; forecasts; agreements and contracts, including all modifications and/or revisions to drafts, reports, and/or summaries of negotiations; checks; financial records; brochures; pamphlets; trade letters and publications; press releases; advertisements; instructions; drafts and translations of any documents; statements or interview notes; briefs; and any other written, printed, photocopied, or recorded material of any kind known to you or in your custody or control whether or not in your physical possession. Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comments or any notation of any character not part of the original text, or any reproduction thereof, is to be considered a separate document.

8.     "Communication" is the transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic, or by any other means. "Communicate" means the act of making a Communication.

9.     "Person" means the plural as well as the singular and includes, without limitation, any natural person as well as any firm, corporation, unincorporated association, partnership, or other form of legal entity, unless the context clearly indicates otherwise. When the male gender is used, it shall refer to both male and female.

10.     "Relating to" means comprising, concerning, relating to, pertaining, arising out of, as a result of, referring to or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

## INSTRUCTIONS

1.      "And," "or," or "and/or" shall be construed in either the disjunctive or conjunctive in order to elicit the broadest possible response.

2.      Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as is necessary to make any paragraph more, rather than less, inclusive.

3.      If you or any of your attorneys, agents, employees, consultants, or representatives had, at any time, possession of any information or document called for in a Document Request but which has been lost, destroyed, purged, or is no longer in your possession or control, identify each such information or document and describe the circumstances surrounding its loss, destruction, purge, or how possession of such information or document was lost, indicating the date or dates upon which each such event occurred and the present location of the information or document if in existence.

4.      If you object to any portion of a Document Request, please state the specific ground for such objection and respond to the Document Request to the extent to which there is no objection.

5.      If you consider any document or communication to be privileged, please provide the following for each such document or communication:

        a.      identify the document or communication as required by Definition No. 5 above;

3

b.     describe the subject matter of the document or communication;

c.     identify the privilege asserted;

d.     explain fully the basis for the claim of privilege;

e.     identify each and every person who has seen or had possession of the original or a copy of the document or was privy to the communication; and

f.     identify each and every person who has learned the substance of the document or communication.

6.     Unless otherwise specified, all responses should include information and documents relating to events, or documents prepared, beginning on January 1, 2013 and ending on the date of your response.

## DOCUMENT REQUESTS

**Please produce the following documents and things in accordance with the Definitions and Instructions above:**

1.     All documents relating to Communications YOU have had with the CFPB or any other state or federal government agency related to the application of RESPA to any of YOUR activities.

2.     All documents relating to any information in Your possession, custody, or control referring or relating to RE/MAX and/or RE/MAX Agents (including all RE/MAX affiliated entities and individuals) that was provided to You directly or indirectly by Quicken Loans.

3.     All documents provided to You directly or indirectly by Quicken Loans that were provided to Quicken Loans by RE/MAX.

4.      All communications You have had with Quicken Loans that refer or relate to RE/MAX.

5.      All documents provided directly or indirectly to You that contain or reflect the names of RE/MAX Agents.

6.      All documents evidencing or relating to any benefit (including but not limited to any money, goods, services, data, or other thing(s) of value) You provided directly or indirectly to Quicken Loans.

7.      All documents relating to any activity by Quicken Loans that provides a benefit to You, including but not limited to any money, goods, services, data, or other thing(s) of value Quicken Loans provides to You.

8.      All documents relating to the requirement that Your real estate brokerage partners support and preserve the business relationship between You and Quicken Loans (as referenced in the Network Guidelines document available at: https://clientcentral.inhouserealty.com/Membership).

5

## AFFIDAVIT OF AUTHENTICITY

STATE OF _____        )
                               ) ss.
COUNTY OF _____         )

        I, the undersigned Custodian of In-House Realty LLC, hereby certify that the attached records are true, accurate and complete copies of original records, video, photographs and/or film in my custody, possession or control, and consist of _____ pages (either printed copies or electronic copies), _____ photographs, and _____ CDs/Disks/Videos.   The records were made in the regular course of business pursuant to regular practice, and the statements contained in the records were made at or near the time of observation by a person with actual knowledge or from information supplied by such a person.

        I certify under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing is willfully false, I am subject to punishment.

Executed on  _____, 2017.

        Custodian Signature: _____

        Print Name:_____

        SUBSCRIBED AND SWORN to before me this _____ day of _____, 2017 by _____.

My commission expires:        _____

                                            _____
                                          Notary Public

4271589.1

# DAVIS GRAHAM & STUBBS

John M. Bowlin
303 892 7266
john.bowlin@dgslaw.com

March 31, 2017

<u>Via Hand-Delivery</u>

In-House Realty LLC
710 Griswold St.
Detroit, MI 48226

c/o The Corporation Company
7700 E. Arapahoe Rd., Suite 220
Centennial, CO 80112

Re:     RE/MAX, LLC v. Quicken Loans Inc., No. 1:16-cv-02357-PAB-MJW (D. Colo.)

Dear Custodian:

You have been served with a subpoena to produce records relevant to the above-referenced matter.  Please contact me with any questions or concerns, and to arrange for transfer of the documents to be produced pursuant to the subpoena.

Sincerely,

John M. Bowlin
Associate
for
DAVIS GRAHAM & STUBBS LLP

JB: