# EXHIBIT 7

**Bowlin, John**

---

**Subject:** Subpoena to In House Realty IN RE: Remax v Quicken Loans
**Attachments:** ReMax v QL subpoena objection LTR.pdf

**From:** Oliver, Bill [mailto:BillOliver@inhouserealty.com]
**Sent:** Monday, April 17, 2017 1:12 PM
**To:** Johnson, Tom; Strawn, Ben
**Cc:** wahbyp@gtlaw.com; Solon, Shawn
**Subject:** Subpoena to In House Realty IN RE: Remax v Quicken Loans

Gentlemen, in the above matter please see the attached correspondence.

**William J. Oliver**
General Counsel
Direct: 313.373.6653
Cell: 248.766.2121



*In-House Realty is the preferred Real Estate Partner of America's #1 online lender* **Quicken Loans**.

THIS ELECTRONIC MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE REVIEW OF THE PARTY TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.



April 14, 2017

**VIA ELECTRONIC MAIL**

Thomas P. Johnson
Benjamin D. Strawn
DAVIS GRAHAM STUBBS, LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Tom.johnson@dgslaw.com
Ben.strawn@dgslaw.com

> Re:  Subpoena to In-House Realty, LLC served in *RE/MAX, LLC v. Quicken Loans Inc.*, Civil Action No. 1:16-cv-02357-PAB-MJW ("Subpoena")

Counsel:

In-House Realty, LLC ("IHR") received the above-referenced Subpoena on April 3, 2017, and I write in response on behalf of IHR.

Despite IHR's lack of relevance to the above case, you have served an unreasonable and unduly burdensome subpoena on IHR without taking any steps to avoid imposing undue burden and expense upon IHR in violation of Rule 45. IHR objects to the Subpoena as follows:

### Definitions

IHR objects to Definitions 1-4 and 10 as overbroad, vague, ambiguous and unduly burdensome.

### Instructions

IHR objects to the Instructions to the extent they differ from or expand upon any obligations IHR has as a non-party under the Federal Rules.

IHR objects to Instructions 3 and 5 as overbroad and unduly burdensome.

IHR objects to the time frame set forth in Instruction 6 as overbroad and unduly burdensome.



### Requests

*Request No. 1*: IHR objects to this Request, which seeks all communications IHR has had with the CFPB or any other state or federal government agency related to the application of RESPA as overbroad, unduly burdensome and irrelevant. IHR's compliance with RESPA, the CFPB, and any other state or federal government agency is irrelevant to this litigation. IHR further objects to the extent such communications, if any, are subject to statutory or other regulatory privilege, protection, or confidentiality. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

*Request No. 2*: IHR objects to this Request, which seeks documents relating to RE/MAX or RE/MAX agents that were provided to IHR by Quicken Loans, as duplicative, overbroad, unduly burdensome and seeking documents that are more appropriately requested from Quicken Loans and/or already are in the possession of RE/MAX. Also, it is unclear what information RE/MAX seeks that was provided to IHR "indirectly" by Quicken Loans. That aspect of the request is also objectionable as it is vague and ambiguous. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

*Request No. 3*: IHR objects to this request, which seeks documents RE/MAX provided to Quicken Loans that in turn, Quicken Loans then provided to IHR, as duplicative, overbroad, vague, ambiguous and unduly burdensome. IHR further objects to this request because documents that were in Quicken Loans' possession or transmitted by Quicken Loans, can and should be requested from Quicken Loans. IHR further objects to this Request to the extent it seeks documents that may already be in RE/MAX's possession. Also, similar to request no. 2, it is unclear what information RE/MAX seeks that was provided to IHR "indirectly" by Quicken Loans, which is objectionable as vague and ambiguous. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

*Request No. 4*: IHR objects to this Request as duplicative of Requests 2 and 3 and incorporates its objections to those Requests herein.

*Request No. 5*: IHR objects to this Request as duplicative of Request No. 2 and 3 and incorporates its objection to that Request herein.

*Request No. 6*: IHR objects to this Request as overbroad, unduly burdensome and seeking irrelevant documents to the extent that by requesting documents "evidencing or relating to any benefit" IHR may have provided to Quicken Loans, this Request arguably encompasses every single communication and document



between IHR and Quicken Loans. IHR further objects to this Request because the term "benefit" is vague and ambiguous in this context. IHR also objects to this Request to the extent it calls for the production of documents protected by the work product doctrine and/or attorney client privilege. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

*Request No. 7*: IHR objects to this Request as overbroad, unduly burdensome and seeking irrelevant documents to the extent that by requesting documents "relating to any activity by Quicken Loans that provides a benefit" to IHR, this Request arguably encompasses every single communication and document between IHR and Quicken Loans. IHR further objects to this Request because the terms "activity that provides a benefit" are vague and ambiguous in this context. IHR also objects to this Request to the extent it calls for the production of documents protected by the work product doctrine and/or attorney client privilege. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

*Request No. 8:* IHR objects to this Request as overbroad, unduly burdensome and seeking irrelevant documents to the extent that by requesting documents regarding efforts by IHR to "support and preserve the business relationship" between it and Quicken Loans, this Request arguably encompasses every single communication and document between IHR and Quicken Loans. IHR further objects to this Request because the terms "support and preserve the business relationship" are vague and ambiguous in this context. IHR also objects to this Request to the extent it calls for the production of documents protected by the work product doctrine and/or attorney client privilege. IHR further objects to this Request to the extent it seeks documents from January 2013 to present, when the relationship at issue between RE/MAX and Quicken Loans did not even begin until February 2014.

If the Subpoena is not withdrawn, IHR will file a motion to quash the Subpoena and will seek costs pursuant to Rule 45. If you would like to discuss the Subpoena and IHR's objections, please let me know.

Sincerely,

Bill Oliver

cc: Peter Wahby, Esq.
    Jeffrey B. Morganroth, Esq.
    Kimberly D. Annello, Esq.