UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RE/MAX, LLC,

        Plaintiff,                         No. 17-50617

v.                                     District Judge David M. Lawson
                                        Magistrate Judge R. Steven Whalen


QUICKEN LOANS, INC.,

        Defendant.

_____ /

## ORDER

The Court has set a July 11, 2017 hearing date for Plaintiff RE/MAX, LLC's

("RE/MAX's") motion compel response to subpoena to non-party In-House Realty LLC

("In-House")[Doc. #1], and Defendant Quicken Loan Inc.'s ("Quicken Loan's") motion

to quash third-party subpoena [Doc. #9]. The Notice of Hearing for these motions

directed counsel for the parties to meet and confer face-to-face in advance of the hearing,

in an attempt to resolve some or all of the issues raised in the motions [Doc. #11]. A

party requesting a telephonic pre-hearing conference is required to "submit a written

statement to the Magistrate Judge explaining why a telephonic conference is necessary."

The current discovery motion is ancillary to a proceeding in the District of

Colorado. Non-party In-House, from whom documents are requested, is domiciled in

Michigan. Counsel for RE/MAX requests a telephonic conference because lead counsel

in the underlying case resides in the State of Colorado [Doc. #12]. In-House objects, and

and has requested enforcement of the face-to-face meet-and-confer policy [Doc. #13].

The docket sheet indicates that in terms of the present ancillary proceeding, all

counsel of record are located in the Eastern District of Michigan, specifically Troy, Birmingham, and Ann Arbor, Michigan. The Court's meet-and-confer policy will be satisfied in the Michigan attorneys of record meet face-to-face, and the Court orders that they do so, pursuant to the Notice of Hearing.

However, "the just, speedy, and inexpensive determination" of this proceeding, Fed.R.Civ.P. 1, would not be well-served by requiring Colorado counsel in the underlying case to personally appear for the meet-and-confer in Michigan, and I am confident that pre-hearing discussions can be productive if out-of-state counsel participates either by telephone, Skype, or videoconference. I will leave it to counsel to agree on which of these mechanisms works best for them.[1]

Therefore, both RE/MAX's and In-House's requests are GRANTED IN PART AND DENIED IN PART. Michigan counsel of record in this ancillary proceeding will meet in person for the pre-hearing conference. Out-of-state counsel in the underlying Colorado action may participate by telephone, Skype, or videoconference.

IT IS SO ORDERED.


Dated: June 29, 2017                              s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] If counsel cannot agree, the default procedure will be telephonic participation by out-of-state counsel.

## CERTIFICATE OF SERVICE

I hereby certify on June 29, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants June 29, 2017.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen